**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HENRY L. JAMES,

       Plaintiff,

v.                                                             Case No. 6:13-cv-1534-Orl-37KRS

ROBERT BOSCH TOOL
CORPORATION,

       Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant Robert Bosch Tool Corporation's Motion to Exclude Expert Testimony of Kelly Mehler, Darry Robert Holt, and Stephen F. Gass, Ph.D (Doc. 35), filed October 3, 2014; and

2. Plaintiff's Opposition to Defendant's Motion to Exclude Expert Testimony of Kelly Mehler, Darry Robert Holt, and Stephen F. Gass, Ph.D (Doc. 43), filed November 13, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

Defendant manufactures Skilsaw 3305 brand table saws (the "Model"). (Doc. ¶ 6.) Plaintiff purchased one of Defendant's Model saws ("the Saw"). (*Id.*) On October 20, 2009, Plaintiff was injured "by contact between his left hand and the [S]aw's rotating blade." (*Id.* ¶¶ 5, 16.) On October 6, 2013—nearly four years later—Plaintiff filed an Amended Complaint, alleging that Defendant was negligent and is strictly liable under

Florida product liability law because the design of the Model is defective. (*See id.* ¶¶ 17– 25.)

In his Rule 26(a)(2) Expert Disclosures, Plaintiff disclosed three different experts— Kelly Mehler, Darry Robert Holt, and Stephen F. Gass, Ph.D[1]—each of whom submitted an expert report. (*See* Docs. 22-1; 22-2; 22-3; 22-7.) Defendant moves to exclude the testimony of all three. (*See* Doc. 35.) Plaintiff opposes. (*See* Doc. 43.) The matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Evidence 702, which governs the admissibility of evidence, states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Additionally, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703.

The trial judge, who serves as a "gatekeeper," must ensure that expert testimony is both relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (applying

---

[1] Kelly Mehler and Darry Robert Holt were listed as "Retained Experts" and Stephen F. Gass, Ph.D was designated as an "unretained expert." (*See* Doc. 22-1, pp. 1, 6.)

2

the *Daubert* gatekeeping function to non-scientific testimony, such as testimony based on "technical" and "other specialized" knowledge as referred to in Rule 702). In doing so, the Court must assess whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *U.S. v. Frazier*, 387 F.3d 1244, 1260 (2004) (citation omitted).

For scientific testimony, *Daubert* mandates that a Court consider whether: (1) a theory has been tested; (2) an idea has been subjected to scientific peer review or published in scientific journals; (3) there is a known rate of error involved in the technique; (4) there exists standards and controls concerning its operation; and (5) the theory is generally accepted by a relevant scientific community. *See Daubert*, 509 U.S. at 589. Scientific testimony is that which comes from a scientist; it is different than testimony from the likeness of an engineer, whose testimony may be based on "technical" or "other specialized" knowledge. *See* Fed. R. Evid. 702; *Kumho Tire Co.*, 526 U.S. at 141 ("This case requires us to decide how *Daubert* applies to the testimony of engineers and other experts who are not scientists.")

When evaluating non-scientific expert testimony, the trial court *may* consider one or more of the *Daubert* factors, but "the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho Tire Co.*, 526 U.S. at 141. The district court has broad discretion in determining whether *Daubert*'s scientific factors are reasonable measures of reliability in a particular

case and "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 141, 152, 153.

The admissibility standard for expert testimony is a "liberal one," and a "review of the caselaw after *Daubert* shows that the rejection of expert testimony is the *exception* rather than the rule." *Frazier*, 387 F.3d at 1259 (citations omitted).

**DISCUSSION**

Defendant moves to exclude the testimony of these experts: (1) Kelly Mehler, in its entirety; (2) Darry Robert Holt, in part; and (3) Stephen F. Gass, in its entirety. (*See* Doc. 35.) In light of the fact that Plaintiff does not intend to call Gass as a witness (*see* Doc. 43, p. 17) and has withdrawn Darry Robert Holt as an expert witness (*see* Doc. 56), the Motion is due to be denied as moot with respect to those experts. Remaining is Defendant's motion to exclude the testimony of Kelly Mehler.

Defendant seeks to exclude Mehler's testimony in its entirety, maintaining that: (1) Mehler is not qualified to render expert opinions regarding alleged defects in the Model design (*see* Doc. 35, pp. 6–8); and (2) his opinions are not sufficiently reliable to satisfy Rule 702 (*see id.* pp. 8–11).

### A.   Mehler is Qualified

The Court is not persuaded that Mehler is unqualified: (1) he is a professional woodworker and has been for over thirty years; (2) he has used and is familiar with "nearly all U.S.-manufactured tablesaws as well as European-manufactured tablesaw models sold in this country"; (3) he teaches seminars in tablesaw safety and has since 1998; (4) he has written magazine articles on various aspects of tablesaws; (5) he has authored a book and produced a video about tablesaws; (6) he served on the ad hoc working group

at Underwriters Laboratory and the Standards Technical Panel for improving blade guarding on tablesaws since 2001; and (7) he has served as a consultant to Black and Decker, one of Defendant's competitors, for the development of its tablesaws. (*See* Doc. 35-2, p. 2.)

Mehler does not need formal education in tablesaw safety or design, nor does he need to be an engineer, to give his opinions regarding the Model's design. *See* Fed. R. Evid. 702 (stating that an expert can be qualified to give an opinion based on his knowledge, skill, experience, training, or education). His experience as a professional woodworker for over thirty years and his knowledge of tablesaw design and safety renders him qualified to opine on tablesaw safety, use, and design. Other courts have similarly denied motions to exclude Mehler's testimony and permitted him to opine on these matters. *See Wielgus v. Ryobi Tech., Inc.*, 893 F. Supp. 2d 920, 931–32 (N.D. Ill. 2012); *Osorio v. One World Tech.*, No. 6-cv-10725, 2010 WL 956659, at *1 (D. Mass. Feb. 4, 2010).

### B. Mehler's Opinions are Reliable

Mehler intends to offer the opinion that the Model was defectively designed.[2] (*See* Doc. 35-2, p. 4.) Mehler claims familiarity with the Model because he: (1) inspected similar Skil saw models over the years as a woodworker; (2) did research on the Model, including user reviews; (3) saw photos of the Saw; and (4) read the Operator's Manual and Repair Sheet for the Model. (*See id.*)

Mehler's proffered opinions regarding the effectiveness of the Model's current

---

[2] To the extent that Defendant seeks to exclude Mehler's testimony regarding flesh detection technology, the motion is due to be denied as moot because Plaintiff does not intend to offer Mehler on the issue of flesh detection. (*See* Doc. 43, p. 17.)

5

blade guard, issues stemming from its lack of a riving knife, and problems with its overall quality are not subject to exclusion under *Daubert*. This finding is compelled by the fact that: (1) Mehler conducted a thorough examination of the Model; (2) his knowledge of Plaintiff's version of the accident events; and (3) his experience with how the Saw's design contributed to that cause. (*See* Doc. 35-2, pp. 4–9.) Indeed, the *Wielgus* court reached the same conclusion: after concluding that "defendant's disagreement with Mehler's opinion with respect to the efficacy of [the saw at issue in that case] safety devices or its overall quality go more to the weight of the evidence than its admissibility," the *Wielgus* court found Mehler's testimony as to the aforementioned matters to be reliable and permitted him to testify. *See* 893 F. Supp. 2d at 931. This Court agrees with that analysis.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Robert Bosch Tool Corporation's Motion to Exclude Expert Testimony of Kelly Mehler, Darry Robert Holt, and Stephen F. Gass, Ph.D (Doc. 35) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 4, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record